UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | | |
|---|---|---|
| RANDAL LEE McKISSICK, | ) | NO. CV 15-465-SJO (AS) |
| Petitioner, | ) ) | **FINAL REPORT AND RECOMMENDATION OF** |
| v. | ) ) | **A UNITED STATES MAGISTRATE JUDGE** |
| E. VALENZUELA, Warden CMC, | ) ) | |
| Respondent. | ) ) | |

This Report and Recommendation is submitted to the Honorable S. James Otero, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons discussed below, it is recommended that this action be dismissed with prejudice for failure to prosecute and comply with court orders.

///

///

///

**I.   INTRODUCTION**

On January 22, 2015, Randal Lee McKissick ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus by Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254.  The Petition challenges the 2012 decision of the California Board of Parole Hearing to deny Petitioner parole. (Docket No. 1).

On March 2, 2015, Respondent filed a Motion to Dismiss the Petition contending that the two claims alleged in the Petition were not cognizable on federal habeas review.  (Docket No. 7).

On the same date, the Court issued a Minute Order ordering Petitioner to file either an Opposition to the Motion to Dismiss or a Statement of Non-Interest (evincing a disinterest in the pursuit of this action) within thirty days. (Docket No. 8).  Petitioner was warned that the failure to timely file an Opposition, or otherwise comply with the Minute Order, might be deemed consent to the granting of the Motion to Dismiss. Id.

On April 10, 2015, since Petitioner had not filed either an Opposition or a Statement of Non-Interest and had not requested an extension of time to do so, the Court issued an Order to Show Cause why this action should not be dismissed with prejudice for failure to prosecute. (Docket No. 9). Petitioner was informed that he could discharge the Order to Show Cause by filing an Opposition to the Motion to Dismiss or by filing a declaration under penalty of perjury stating

why he is unable to do so within twenty-one days of the date of the Order. Id. Petitioner was informed that if he no longer wished to pursue this action, he could request a voluntary dismissal pursuant to Fed.R.Civ.P. 41(a) (on a form provided to him), and was warned that the failure to timely file a response to the Order to Show Cause could result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Fed.R.Civ.P. 41(b). Id.

As of today's date, Petitioner has failed to file a response to the Order to Show Cause or request an extension of time to do so.

## II. DISCUSSION

This action should be dismissed based on Petitioner's failure to prosecute and comply with Court Orders. See Fed.R.Civ.P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962); Pagtalunan v. Galaza, 291 F.3d 639, 641-45 (9th Cir. 2002).

In reaching this conclusion, the Court has weighed the relevant factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also Pagtalunan, supra, 291 F.3d at 642.

Dismissal of this action based on Petitioner's failure to prosecute and comply with Court orders is warranted. Fed.R.Civ.P. Rule 41(b) states in pertinent part: "Dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits." As this case does not fall into one of the three exceptions, the dismissal will operate as an adjudication on the merits and will be with prejudice to Petitioner's filing a new action based on the same allegations. See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal interpreted as an adjudication on the merits unless one of the Rule 41(b) exceptions applies).

Petitioner was expressly warned about the possibility of dismissal with prejudice if he failed to prosecute and comply with the Court's Orders. (See Docket No. 9). On May 22, 2015, the Court issued a Report and Recommendation recommending that the Petition be dismissed with prejudice. (Docket No. 11). Petitioner's objections to the report, filed on June 10, 2015, consisted of an extension to file objections to the Report and Recommendation (Docket Entry No. 12). Petitioner was granted an extension, to July 13, 2015, to file any objections to the Report and Recommendation but has failed to do so.[1]

---

[1] The Final Report and Recommendation corrects a typographical error in the initial Report and Recommendation, clarifying the recommendation for dismissal with prejudice.

### III.    RECOMMENDATION

For the reasons discussed above, IT IS RECOMMENDED that the district court issue an Order: (1) accepting and adopting this Report and Recommendation; and (2) directing that Judgment be entered dismissing the Petition with prejudice.

DATED: July 30, 2015

                                                 /s/
                                         ALKA SAGAR
                        UNITED STATES MAGISTRATE JUDGE

### **NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.